UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| CHARLES GRAHAM, *also known as* CHARLES STEVENSON, | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No.: 3:12-CV-530-TAV-DCP |
| GRADY PERRY, | ) ) | |
| Respondent. | ) ) | |

# **MEMORANDUM OPINION**

This is a pro se prisoner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 8, 2019, the Court entered an order granting Petitioner's motions to lift stay and motion to supplement the petition [Doc. 53]. Accordingly, the Court provided Petitioner fifteen days from the date of entry of that order to file a single amended petition and notified Petitioner that if he did not do so, this action would be dismissed for want of prosecution and failure to comply with Court orders [*Id.* at 1]. That allotted time and more has passed, and Petitioner has not complied with this order or otherwise communicated with the Court, however. Accordingly, for the reasons set forth below, this action will be **DISMISSED**.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x

1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

With respect to the first factor, the Court finds that Petitioner's failure to respond to or comply with the Court's previous order is due to Petitioner's willfulness or fault. Specifically, as the Court's search of the Tennessee Department of Correction's Felony Offender Information website (https://apps.tn.gov/foil-app/results.jsp) establishes that Petitioner's supervision status is listed as "parole," it appears that Petitioner did not respond to the Court's order because he failed to update his address or otherwise monitor this action as this Court's Local Rule 83.13 requires. As such, the first factor weighs in favor of dismissal.

With respect to the second factor, the Court finds that Petitioner's failure to comply with the Court's order has not prejudiced Respondent.

With respect to the third factor, the record reflects that the Court warned Petitioner that the Court would dismiss this case if he failed to comply with the Court's order [*Id.*].

Finally, with respect to the fourth factor, the Court finds that alternative sanctions would not be effective. Petitioner was a prisoner who is not communicating with the Court and has not pursued this case in more than one and a half years.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of this action pursuant to Rule 41(b).

The Court must now decide whether to grant Petitioner a certificate of appealability ("COA"). A COA should issue where a petitioner makes a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court is dismissing this petition because Petitioner failed to prosecute this action and did not comply with a Court order, a procedural ground. Reasonable jurists could not conclude that this dismissal is debatable or wrong. Accordingly, a certificate of appealability shall not issue.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE